OPINION
{¶ 1} Defendant-appellant, Ira Hardy, appeals from his conviction and sentence in the Butler County Common Pleas Court for unlawful sexual conduct with a minor.
 {¶ 2} On January 31, 2002, appellant was indicted on one count of unlawful sexual conduct with a minor, pursuant to R.C. 2907.04(B)(3), a third-degree felony ("Count One"), and one count of unlawful sexual conduct with a minor, pursuant to R.C. 2907.04(B)(4), a second-degree felony ("Count Two"). The charges arose from allegations that appellant, who had a previous conviction for corruption of a minor, had consensual, sexual intercourse with A.B., a female minor, when he was 29 years old and she was 14 years old. A.B. became pregnant as a result of her relationship with appellant; she subsequently terminated her pregnancy by having an abortion.
 {¶ 3} A jury trial was held on the charges, and the jury convicted appellant on both counts. The trial court merged Counts One and Two, and sentenced appellant to seven years in prison on Count Two. The trial court also found appellant to be a sexually-oriented offender. Appellant subsequently moved for a new trial, which the trial court overruled.
 {¶ 4} Appellant appeals from his conviction and sentence, and raises two assignments of error.
Assignment of Error No. 1
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN ITS RULINGS REGARDING VARIOUS PIECES OF CORRESPONDENCE THAT HAD BEEN WRITTEN BY BOTH THE DEFENDANT AND THE VICTIM."
 {¶ 6} Appellant first argues that the trial court erred in excluding two cards that he claims were sent to him by A.B., to wit: a Valentine's Day card and an adult-themed card. (A.B. acknowledged that she sent appellant the Valentine's Day card but denied sending him the adult-themed card.) Appellant argues that these cards were relevant and critical to his defense, because they supported his principal contention that A.B. "portrayed herself as an adult who did adult things[,]" and, therefore, they tended to show that he reasonably believed that A.B. was not underage.
 {¶ 7} The trial court refused to admit the two cards into evidence on the grounds that that they were sent to appellant after the date on which he alleges he first learned that A.B. was only 14 years old and, therefore, were irrelevant to the issues raised in the case. The trial court also determined that any probative value the cards had was outweighed by their prejudicial impact. We conclude that it was not unreasonable for the trial court to find that any relevance the cards may have had was substantially outweighed by the danger of unfair prejudice and, therefore, the trial court did not abuse its discretion in excluding the cards from evidence.
 {¶ 8} A trial court has broad discretion in admitting or denying the admission of evidence and a reviewing court must not disturb the trial court's rulings on evidentiary issues unless the trial court has abused its discretion and the defendant has suffered material prejudice as a result. State v. Gross, 97 Ohio St.3d 121, 133, 2002-Ohio-5524, at ¶ 43. A trial court abuses its discretion only when it acts unreasonably, arbitrarily or unconscionably. See id.
 {¶ 9} "`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. All relevant evidence is admissible, except as otherwise provided by the United States or Ohio Constitutions, by statutes enacted by the General Assembly which are not in conflict with a rule of the Ohio Supreme Court, by the Ohio Rules of Evidence or by other rules prescribed by the Ohio Supreme Court. Evid.R. 402. "Evidence which is not relevant is not admissible." Id. "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Evid.R. 403(A).
 {¶ 10} Any probative value that the Valentine's Day and adult-themed cards may have had in showing that A.B. acted like an adult and portrayed herself as one was slight, if not nonexistent, given the fact that these cards were not sent to appellant until long after the date on which appellant admits he learned of A.B.'s age. By contrast, it was not unreasonable for the trial court to find that the cards might have a substantial, prejudicial impact on the jury, because the jury may have been persuaded to view A.B., the victim in this case, in an unduly negative light, and acquit appellant on that improper basis. In particular, the adult-themed card may have persuaded the jury to overlook the fact that A.B.'s having consented to engage in sexual conduct with appellant was not a defense available to appellant with respect to the charges brought against him pursuant to R.C. 2907.04.
 {¶ 11} Appellant also argues that the trial court erred in admitting into evidence a love letter that he had sent to A.B. He argues that the love letter merely showed that his relationship with A.B. was consensual. He asserts that because the trial court had previously ruled that the consensual nature of his and A.B.'s sexual relationship was irrelevant on the grounds that consent was not a defense to a charge under R.C. 2907.04, it was inconsistent for the trial court to admit the love letter into evidence over his objection. Appellant alleges that the trial court's inconsistent rulings amounted to an abuse of discretion. We disagree with this argument.
 {¶ 12} The love letter that the trial court admitted into evidence shows the actual nature of appellant's and A.B.'s relationship. Proving that appellant and A.B. engaged in sexual conduct was an essential element of the state's case against appellant. See R.C. 2907.04(A). Furthermore, unlike the cards that appellant sought to have admitted, the love letter was written prior to the time appellant and A.B. engaged in sexual conduct. We conclude that the trial court acted well within its discretion on both of the aforementioned evidentiary issues.
 {¶ 13} Appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 14} "DEFENDANT-APPELLANT RECEIVED THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 15} Appellant argues that his trial counsel provided ineffective assistance of counsel by failing to have the trial court either sever the counts on which he was tried or require the state to elect which of the two charges it wanted to pursue against him. Appellant also argues that his trial counsel provided ineffective assistance by failing to accept the trial court's offer to redact certain portions of his videotaped interview with police, in which the police questioned him about whether he was attracted to young teenage girls. We find both of appellant's arguments unpersuasive.
 {¶ 16} To prevail on an ineffective assistance of counsel claim, a criminal defendant must show that his counsel's performance was deficient. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052. This requires the defendant to show that his "counsel's representation fell below an objective standard of reasonableness." Id. at 688. Second, the defendant must show that he was prejudiced by his counsel's deficient performance. Id. at 687. This requires the defendant to show that there is a reasonable probability that but for his counsel's unprofessional errors, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A failure to make an adequate showing on either the "performance" prong or the "prejudice" prong of the Strickland standard will doom the defendant's ineffective assistance of counsel claim. Id. at 687, 697.
 {¶ 17} Appellant has failed to show that there is a reasonable probability that but for his counsel's alleged unprofessional errors, the outcome of the proceeding would have been different. The performance errors allegedly committed by appellant's counsel do not undermine our confidence in the outcome of the proceedings.
 {¶ 18} First, the fact that the jury heard that appellant had been convicted on a previous corruption of a minor charge does not undermine our confidence in the outcome of appellant's trial. The trial court cautioned the jury before closing argument that they were not to consider the fact that appellant had been previously convicted of corruption of a minor as proof of appellant's character or to show that appellant was merely acting in conformity with that character in the instant case. The trial court repeated that instruction when it gave the jury final instructions before their deliberations. The prosecutor also encouraged the jury during closing arguments not to find appellant guilty of the current offense because of his prior conviction for corruption of a minor.
 {¶ 19} Appellant also did not suffer prejudice as a result of his trial counsel's deliberate decision to allow the jury to hear the portion of appellant's videotaped interview with police in which appellant was questioned by officers about whether he was attracted to teenage girls. We have examined the transcript of that videotaped interview, and it does not have the prejudicial impact which appellant claims it does. Probably the most damaging statement that appellant made came when he was asked by one of the police officers if he had an attraction to teenagers. Appellant replied, "I don't think I — I don't know if I do, if I don't. [Sic.] I mean, I never thought of her as a girl for me (UNCLEAR) — I never looked at her that way until she came on to me — [.]" Shortly thereafter, appellant was asked by one of the officers if teenagers "turn[ed] him on?" to which appellant replied, "I don't really look at `em like that."
 {¶ 20} A careful examination of the videotaped interview reveals that appellant's answers to the police officers' questions were consistent with his defense strategy of showing that A.B. was the aggressor in their relationship. We cannot see how appellant's trial counsel provided him with ineffective assistance, nor can we see how appellant suffered any prejudice as a result of his trial counsel's actions.
 {¶ 21} Lastly, we would mention that the state presented compelling evidence of appellant's guilt in addition to the testimony of A.B., her mother and the arresting officer. The state had admitted into evidence a letter that appellant wrote to one of A.B.'s friends, who was identified only as "Ce Ce." In the letter, appellant asked Ce Ce if she would be "willing to say that [A.B.] told you [i.e., Ce Ce] she lied about her age." Appellant's trial counsel tried to have this letter excluded from evidence, on the grounds that the letter was "highly" incriminating. Appellant's counsel argued that appellant "has no leg to stand on if that's admitted. He has very little to stand on as it is." The trial court admitted the evidence over objection, and appellant has not challenged that ruling on appeal. In light of the foregoing, appellant has failed to establish the prejudice prong of the Strickland
standard, and, therefore, his ineffective assistance claim must fail.
 {¶ 22} Appellant's second assignment of error is overruled.
 {¶ 23} The trial court's judgment is affirmed.
YOUNG, P.J., and POWELL, J., concur.